Electronically Filed
12/5/2019 4:50 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO.: C-5091-19-A

| | | |
|---|---|---|
| BERNARD LOUIS TREISCH | § | IN THE _____ JUDICIAL DISTRICT |
| | § | |
| VS. | § | COURT OF |
| | § | |
| SAM'S EAST INC. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES BERNARD LOUIS TREISCH, hereinafter referred to as Plaintiff, and files this, his Original Petition against SAM'S EAST INC., hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00, but less than $1,000,000.00.

### PARTIES

3. Plaintiff Bernard Louis Treisch is an individual who resides in Donna, Hidalgo County, Texas.

4. Defendant Sam's East Inc. is a duly licensed corporation in Texas that may be served with process by serving its registered agent, C. T. Corporation System, at 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136.

### VENUE AND JURISDICTION

5. The incident described hereinbelow or events giving rise to Plaintiff's claim against



Electronically Filed
12/5/2019 4:50 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5091-19-A

Defendant arose in McAllen, Hidalgo County, Texas. Venue for this cause of action therefore lies in Hidalgo County, Texas.

6. The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

7. On September 19, 2019, at 10:00 a.m., Plaintiff, who was 76 years of age, was at Defendant's Sam's Club store located at 1400 East Jackson Avenue in McAllen, Hidalgo County, Texas for business purposes. Defendant was selling mattresses in the store. Defendant had the mattresses stocked vertically on racks that were positioned several feet above the floor. Plaintiff was sitting on a mattress that was displayed on the floor near the rack of mattresses. In the process of an employee of Defendant removing a mattress from the rack, the mattress fell from the rack and landed on Plaintiff, as he sat on the mattress that was positioned on the floor. Plaintiff remained pinned in between the two mattresses in a sitting position until the mattress that landed on top of him was removed. Plaintiff suffered injuries and damages as a result of the incident.

## CAUSE OF ACTION BASED ON COMMON LAW NEGLIGENCE/NEGLIGENT ACTIVITY AND PROXIMATE CAUSE

8. Defendant's employee who caused the mattress to fall from rack and land on Plaintiff **(Defendant's employee)** was negligent in one or more of the following acts and/or omissions:

   A. In failing to keep Plaintiff away from the area where he was removing the mattress from the rack, as a person of ordinary prudence would have done under the same or similar circumstances;

   B. In failing to provide Plaintiff with a verbal warning that the mattress could fall from the rack and land on Plaintiff before he began removing the mattress from the rack, as a person of ordinary prudence would have done under the same or similar circumstances;

2

Electronically Filed
12/5/2019 4:50 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5091-19-A

C. In failing to have other employees assist him with removing the mattress from the rack to prevent the mattress from falling from the rack and landing on Plaintiff, as a person of ordinary prudence would have done under the same or similar circumstances;

D. In removing the mattress from the rack while Plaintiff was sitting on the mattress that was positioned nearby on the floor, as a person of ordinary prudence would not have done under the same of similar circumstances; and/or

E. In allowing or causing the mattress to fall from the rack and land on Plaintiff as he removed the mattress from the rack, as a person of ordinary prudence would not have done under the same or similar circumstances.

Each of these acts and/or omissions, taken either singularly or in combination, one with the other or others, constitute negligence, which negligence was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00, but less than $1,000,000.00, as compensation for his damages.

## VICARIOUS LIABILITY

10. At the time of the incident described hereinabove, Defendant's employee acted within the course, scope, and authority of his employment and/or agency relationship with

3

Case 7:20-cv-00008 Document 3-1 Filed on 01/16/20 in TXSD Page 4 of 4

Electronically Filed
12/5/2019 4:50 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5091-19-A

Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

11. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

12. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, he have judgment against Defendant for all of his damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg Avenue
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132

_____
MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff